# In the United States Court of Federal Claims

No. 22-578C
(Filed: June 15, 2023)

NOT FOR PUBLICATION

```
*************************************
GROUNDBREAKER DEVELOPMENT      *
CORPORATION,                   *
                               *
               Plaintiff,      *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
               Defendant.      *
*************************************
```

David Hilton Wise, Fairfax, VA, for plaintiff.

Nathanael B. Yale, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

The United States Army Corps of Engineers ("Corps") terminated its contract with plaintiff Groundbreaker Development Corporation ("Groundbreaker") for default. In earlier proceedings in this case the court granted, in part, defendant's motion to dismiss Groundbreaker's contract claims against the United States but also permitted Groundbreaker to amend its complaint. Groundbreaker Dev. Corp. v. United States, 163 Fed. Cl. 619, 632 (2023). In its amended complaint, Groundbreaker challenges the Corps' default termination and also requests monetary relief. Defendant now moves to dismiss Groundbreaker's claim for monetary relief for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Groundbreaker agrees with defendant that dismissal of its monetary claim is proper. For the reasons set forth below, the court grants defendant's motion.

**I. BACKGROUND**

Groundbreaker and the Corps entered into their contract on April 20, 2020, pursuant to which Groundbreaker would extend a water line at Northfield Brook Lake in Thomaston,

Connecticut.[1]  Am. Compl. ¶ 25.  The contract contained standard clauses regarding the termination of the contract for the convenience of the government or for default.  Id. ¶ 26.  The Corps issued a notice of termination for default on May 26, 2021.  Id. ¶ 83.  Groundbreaker appealed that decision to this court on May 26, 2022, and later amended its complaint on February 17, 2023.

The sole count of the amended complaint, Count I, is titled "Wrongful Termination."  Id. at 18-19.  Within this count, Groundbreaker alleges that the contracting officer ("CO") "abused her discretion" by terminating the contract for default.  Id. ¶ 129.  Groundbreaker requests nonmonetary relief in the form of a "[d]eclaration that the Army Corp[s] of Engineer[s'] termination of the Contract was improper and that it should be converted to a termination for convenience."  Id. at 19.  Groundbreaker also seeks monetary relief, requesting that the court "[a]ward Plaintiff an equitable adjustment and damages as allowed by law for the wrongful termination of the Contract and/or under the termination for convenience clause, in the amount of $93,952.00, or according to proof at trial, plus reimbursement of all settlement expenses as if the Government had issued a termination for convenience."  Id. at 19-20.

In its motion to dismiss the amended complaint, in part, defendant argues that under the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 7101-7109, Groundbreaker's monetary claim may not proceed in this court because it was never submitted to the CO.  Groundbreaker does not oppose the motion and seeks dismissal of its monetary claim without prejudice so that it can submit the claim to the CO.  The court agrees with the parties.  Indeed, the monetary claims in Groundbreaker's original complaint were dismissed for the same reason—because they were not submitted to the CO before Groundbreaker filed suit in this court.  Groundbreaker, 163 Fed. Cl. at 624-26.  The court briefly explains its rationale supporting the dismissal here; a more comprehensive review of relevant precedent may be found in the court's prior opinion.  See id.

## II.  ANALYSIS

Defendant moves to dismiss Groundbreaker's monetary claim for lack of subject-matter jurisdiction.  The Tucker Act, pursuant to 28 U.S.C. § 1491(a)(2), confers upon the United States Court of Federal Claims ("Court of Federal Claims") jurisdiction to entertain claims arising under the CDA.  For such jurisdiction to exist, a contractor must first submit a timely written claim, generally within six years of its accrual date, to the CO.  See 41 U.S.C. § 7103(a)(1)-(2), (4)(A).  This jurisdictional prerequisite is often referred to as the CDA's presentment requirement.  See, e.g., Arctic Slope Native Ass'n v. Sebelius, 583 F.3d 785, 793 (Fed. Cir. 2009) (stating that under the CDA "the presentment of claims to a contracting officer . . . is a prerequisite to suit in the Court of Federal Claims").  Next, the CO must issue a timely written decision.  41 U.S.C. § 7103(a)(3), (f).  Lastly, the contractor must file an appeal with this court "within 12 months from the date of receipt of a contracting officer's decision."  Id. § 7104(b)(3).

When a contractor has been terminated for default, it is not excused from the presentment requirement for monetary claims it may wish to litigate before this court.  See, e.g., Fed.

---

[1] A more expansive recitation of background facts and the procedural history of this dispute may be found in the court's prior opinion.  Groundbreaker, 163 Fed. Cl. at 622-23.

Contracting, Inc. v. United States, 128 Fed. Cl. 788, 795-96 (2016) (holding that a default termination could not be construed to be a final decision on the contractor's breach-of-contract claims because those claims had not been presented to the CO). This rule, applied in the context of default terminations, follows the more general rule that the court cannot consider CDA claims that were not the subject of a CO's final decision. See, e.g., England v. Swanson Grp., 353 F.3d 1375, 1379 (Fed. Cir. 2004) ("[J]urisdiction over an appeal of a contracting officer's decision is lacking unless the contractor's claim is first presented to the contracting officer and that officer renders a final decision on the claim."); see also M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1331 (Fed. Cir. 2010) ("The statutory language of the CDA is explicit in requiring a contractor to make a valid claim to the contracting officer prior to litigating that claim.").

In a seminal case, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") distinguished between a CO's final decision ordering a default termination and a separate monetary claim asserted by the government for the return of progress payments not earned by the contractor. Sharman Co. v. United States, 2 F.3d 1564, 1570 (Fed. Cir. 1993), overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995). It held that because the presentment requirement was not met for the government's monetary claim, the trial court should not have ruled on it:

> A final decision from the contracting officer on the government's monetary claim, the basis of the trial court's judgment, was a prerequisite to jurisdiction over this claim in the Claims Court. Because this claim was effectively put in litigation by [the contractor's] original complaint and because the contracting officer had not issued a final decision as to either the government claim or the contractor's mirror image claim before the original suit was filed, the Claims Court did not have jurisdiction over either claim.

Id. at 1573. It further held that the CO's final decision terminating the contract for default was separate and distinct from the parties' monetary claims that arose from the circumstances surrounding the default termination. Id. at 1570. Simply put, a default termination does not open this court's doors to a defaulted contractor's monetary claims unless those claims have first been presented to the CO. See, e.g., Hanover Ins. Co. v. United States, 116 Fed. Cl. 303, 309 (2014) ("In the absence of a final contracting officer decision regarding termination for convenience costs or other money damages related to the default termination, whether premised on a contractor claim or on a government claim, the court must dismiss the [plaintiffs'] claims for money damages . . . .").

Groundbreaker, in its amended complaint, does not allege that its monetary claim was submitted to the CO so as to satisfy the CDA's presentment requirement. Indeed, in its response brief, Groundbreaker asks that its monetary claim be dismissed without prejudice so that the claim may be submitted to the CO. Groundbreaker notes, in particular, that it cannot submit the monetary claim to the CO while the claim is pending before this court. Pl.'s Resp. 3 (citing Hanover Ins. Co., 116 Fed. Cl. at 310). Because the CDA's presentment requirement has not

been satisfied, Groundbreaker's monetary claim must be dismissed for lack of subject-matter jurisdiction.[2]

### III.  CONCLUSION

Consistent with the reasoning set forth above, the court **GRANTS** defendant's motion to dismiss the amended complaint, in part, as to the monetary claim in Count I.  Pursuant to RCFC 54(b), as there is no just reason for delay, the clerk is directed to **ENTER** judgment in favor of defendant as to the monetary claim in Count I and to **DISMISS** this claim for lack of subject-matter jurisdiction, without prejudice.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Senior Judge

---

[2] The CDA's presentment requirement has long been held to be jurisdictional.  E.g., Lockheed Martin Aeronautics Co. v. Sec'y of the Air Force, 66 F.4th 1329, 1334 (Fed. Cir. 2023); Swanson Grp., 353 F.3d at 1379; James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996).  Another CDA requirement, the six-year statute of limitations for submitting a claim to the CO, was "previously characterized" as jurisdictional, but is now considered to be nonjurisdictional, Sikorsky Aircraft Corp. v. United States, 773 F.3d 1315, 1320-22 (Fed. Cir. 2014), and yet another, the requirement that a monetary claim state a sum certain, may also lose its jurisdictional characterization, see ECC Int'l Constructors v. Sec'y of the Army, Nos. 21-2323, 22-1368 (Fed. Cir. May 8, 2023) (order requesting supplemental briefing on the issue).  The court dismisses Groundbreaker's monetary claim for lack of subject-matter jurisdiction based on the Federal Circuit's long-standing characterization of the CDA's presentment requirement.